PITTSBURGH & L. E. R. CO. v. WIEGEL et ux.

(Circuit Court of Appeals, Third Circuit. November 25, 1911.)

No. 82 (1,539).

CARRIERS (§ 320*)—ACTION FOR INJURY TO PASSENGER—QUESTIONS FOR JURY.

Evidence considered, in an action against a railroad company to recover for an injury to a woman passenger, received when alighting from a train after dark at a way station, and *held* to justify the submission to the jury of the questions whether defendant provided proper lights, whether the train was stopped so as to bring the steps of the car opposite the station platform, or at a place where the ground was uneven and more than ordinarily dangerous, and whether the conductor had such information as to make it his duty to assist plaintiff.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1244; Dec. Dig. § 320.*]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Action by Louis Wiegel and Sarah Jane Wiegel, his wife, against the Pittsburgh & Lake Erie Railroad Company, operating the Pittsburgh, McKeesport & Youghiogheny Railroad. Judgment for plaintiffs, and defendant brings error. Affirmed.

George E. Shaw (Reed, Smith, Shaw & Beal, on the brief), for plaintiff in error.

James G. Montgomery (George S. Silverman, on the brief), for defendants in error.

Before GRAY and LANNING, Circuit Judges, and CROSS, District Judge.

GRAY, Circuit Judge. In the court below suit was brought by the defendants in error, Louis Wiegel and Sarah Jane Wiegel, his wife (hereinafter called the plaintiffs), against the plaintiff in error (hereinafter called the defendant), to recover damages for personal injuries to the wife alleged to have been the result of the negligence of the defendant corporation.

The statement of claim, after the usual averment of diverse citizenship, avers that the defendant was, as a common carrier, bound to exercise due care to prevent injuries to its passengers when boarding or alighting from its cars or vehicles; that the plaintiff, Mrs. Wiegel, became a passenger on the car of the defendant in November, 1909, and while attempting to alight from the defendant's car, was thrown violently to the ground and injured; that said injury was caused by the negligence of the defendant company, in failing to provide a safe place for the plaintiff to alight and in not providing sufficient lights, and in failing to assist the plaintiff in leaving the train. The evidence disclosed by the record shows that, on the evening of the day in question, Mrs. Wiegel and her sister had walked to Scotthaven station, a station on the said road operated by the defendant corporation, to take a train due at 5:25 o'clock for Douglass, a station about a mile distant on the same line; that they boarded this train,

according to their testimony, without any assistance of the conductor, but, according to the conductor's testimony, he assisted Mrs. Wiegel up the steps of the coach. This assistance, he testified, was offered because of a statement made by Mrs. Wiegel's sister, that Mrs. Wiegel had fallen on the way to the station, and that she feared Mrs. Wiegel would not be able to get on the train. Both women denied that they had made such a statement. They took seats in the car, and about four minutes later arrived at Douglass station. According to the testimony on behalf of the defendant, Douglass is a signal station, with a platform 60 or 70 feet in length, paved with granulated slag level with the tops of the railroad ties, the usual character of platforms on the line of this railroad at intermediate stations. A ticket office and waiting room were provided in a nearby country store. Upon reaching Douglass, these women proceeded to alight from the train, Mrs. Wiegel walking in advance of her sister. The brakeman was standing on the platform or ground and, according to his testimony and that of the conductor, with a lantern in one hand at the foot of the steps by which Mrs. Wiegel was descending, he took her arm to assist her in alighting. As she stepped off the last step and touched the ground, her legs gave way under her and she sank to her knees. She was helped to her feet by the conductor and brakeman, and with the assistance of her sister and a man on the platform, walked to the waiting room in the store. Subsequent examination by a physician showed that she was suffering from a broken ligament in the left knee. It was in evidence that Mrs. Wiegel weighed 214 pounds, and, prior to the accident, was a strong and vigorous woman. Mrs. Wiegel and her sister testified that when they stepped from the car, they stepped on uneven ground, or ordinary road, and not upon the slag platform, contradicting in this respect the testimony of the defendant's witnesses. It was also in evidence that there was a slight curve where the train stopped, and that in consequence, as it trended away from the station, the track next to the station was raised somewhat higher on that account, thus increasing the distance of the lower step from the ground from what it would have been had the tracks been straight. The plaintiff, as well as her sister, testified that when she alighted from the car, it was dark and that there were no lights. She also testified that the brakeman did not assist her, but merely touched her arm as she stepped down, and they both contradicted the testimony of the conductor and brakeman that the conductor was on the platform of the car with a light, and cautioned Mrs. Wiegel to be careful.

Upon this state of the testimony, the court submitted the case to the jury, and refused to affirm the defendant's point that, under the pleadings and evidence in the case, the verdict should be for the defendant. We do not deny the defendant's proposition, that a carrier is not bound to assist a passenger on and off its trains, unless such passenger is one obviously unable to care for himself, or unless notice has been given to those in charge of the train that such passenger will require assistance, or unless the circumstances in other respects are unusual and dangerous, of which notice to the alighting passenger is obviously required. We nevertheless are of opinion that, although the case is

a close one, the court did not err in submitting to the jury the question, whether under the evidence, the conductor had such information from the plaintiff or her sister that she required special assistance in getting on or off the train, as to make it his duty to see that such assistance was rendered; also the question as to proper lights and whether the train had stopped so as to bring the steps of the car opposite the platform, or at a point where the ground was uneven and made more than ordinarily dangerous on that account by reason of the increased height of the steps from the ground, owing to the curvature of the road; that is, whether the defendant had adequately performed its duty of affording reasonably safe accommodations for passengers in alighting from its train at the time and place of the accident in question. We think, therefore, there was no error, either in refusing the instruction above referred to, or in denying the defendant's motion for judgment non obstante veredicto.

The judgment below is affirmed.